James D. Holman, Esq., ISB #2547
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY N. JOHNSON, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| THE CITY OF REXBURG, IDAHO, | |
| Defendant. | |

Plaintiff Bradley N. Johnson [Johnson] for cause of action against Defendant The City of Rexburg, Idaho [Rexburg] hereby states and alleges as follows:

1. This is a claim under the Americans with Disabilities Act of 1990 as amended.

2. Plaintiff Johnson is a resident of Blackfoot, Idaho.

3. Defendant Rexburg is a municipal corporation within the State of Idaho.

4. This court has jurisdiction of this claim pursuant to 28 USC §1331, which is authorized and instituted pursuant to 42 USC § 12117(a).

5. Defendant Rexburg is an employer within the meaning of 42 USC § 12111(5).

6. Johnson is a qualified individual with a disability within the meaning of 42 USC § 12111(8) and 42 USC § 12112(a). Johnson is and at all material times was a disabled person in that he has had neck fusion surgery which affects major life activities of flexibility, range of motion, endurance and ability to lift.

7. Johnson has exhausted his administrative remedies before the United States Equal Employment Opportunity Commission. On July 21, 2011 the United States Equal Employment Opportunity Commission issued Johnson a Notice of Right to Sue.

8. On or about April 14, 2004, Johnson began employment with Rexburg. Johnson's job duty was plumbing inspector.

9. At all relevant times Johnson was able to perform the essential functions and requirements of his employment. As of May 9, 2011 Johnson was certified to do all fire, residential plumbing, commercial plumbing, residential mechanical and commercial mechanical building inspections.

10. On May 9, 2011 Rexburg notified Johnson that his position would be terminated as of June 15, 2011. On May 17, 2011 Johnson wrote Rexburg requesting reasonable accommodation for his disability and that Rexburg enter into the interactive process with Johnson in order to determine a reasonable accommodation.

11. On May 25, 2011 Rexburg refused to provide reasonable accommodation to Johnson and refused to enter into the interactive process.

12. On June 15, 2011 Rexburg terminated Johnson's employment.

13. Johnson was qualified for his position of employment with defendant and was able to and did perform the essential functions of such employment within acceptable limits.

14. Rexburg's termination of Johnson's employment was on account of his disability in violation of the Americans with Disabilities Act as amended.

15. As a direct result of Rexburg's discriminatory conduct, Johnson has suffered a loss of earnings and benefits. Johnson is entitled to an award of back pay and benefits from the date of termination to the date of trial in an amount to be proven at trial. Further, reinstatement is not an option. As an equitable remedy in lieu of reinstatement, Johnson is entitled to an award of front pay and benefits in an amount to be proven at trial.

16. Johnson is entitled to a permanent injunction enjoining Rexburg, its officers, management personnel, employees and all persons in active concert or participation with Rexburg from engaging in any employment practice which discriminates on the basis of disability.

17. As a further result of Rexburg's intentional acts alleged herein, Johnson suffered emotional distress for which he should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

18. Johnson is entitled to an award of prejudgment interest on all amounts awarded to him on account of Rexburg's discrimination.

19. Johnson is entitled to an award of attorney fees, expert witness fees and costs incurred herein pursuant to 42 USC § 12117(a), 42 USC § 12205 or other applicable statute or court rule.

WHEREFORE, plaintiff Bradley N. Johnson prays the judgment, order and decree of this court as follows:

1. For back pay and benefits from the date of termination to the date of trial, in an amount to be proven at trial;

2.  For front pay and benefits from date of trial in an amount to be proven at trial as an equitable remedy in lieu of reinstatement;

3.  For a permanent injunction enjoining defendant, its officers, management personnel, employees and all persons in active concert or participation with defendant from engaging in any employment practice which discriminates on the basis of disability;

4.  For general damages for plaintiff's emotional distress in an amount to be proven at trial;

5.  For prejudgment interest at the highest applicable rate upon all amounts found due and owing;

6.  For plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

7.  For such other and further relief as the court deems just and equitable.

DATED this 22 day of August, 2011.

By: _____
James D. Holman, Esq.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury in this matter.

DATED this 22 day of August, 2011.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: *James D. Holman*
James D. Holman, Esq.

JDH:skp
7919.001\002 COMPLAINT.wpd